UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UYVONNE RITTER,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:12-cv-122
Weber, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI). This matter is before the Court on plaintiff's Statement of Errors (Doc. 10), the Commissioner's response in opposition (Doc. 16), and plaintiff's reply memorandum. (Doc. 17).

**I. Procedural Background**

Plaintiff filed applications for DIB and SSI benefits in September 2005, alleging a disability onset date of July 15, 2005. (Tr. 78). These applications were denied initially and upon reconsideration. Following a hearing, administrative law judge (ALJ) Larry A. Temin issued a decision on October 1, 2008, finding that plaintiff was not disabled. (Tr. 78-85). Plaintiff subsequently filed new applications for DIB and SSI in December 2008, alleging disability since July 15, 2005, due to injuries and associated pain from an automobile accident, fibromyalgia, osteoarthritis, and depression.[1] Plaintiff's applications were denied initially

---

[1] Plaintiff subsequently amended her disability onset date to December 1, 2008. (Tr. 27).

and upon reconsideration. Plaintiff, through counsel, requested and was granted a de novo hearing before ALJ Gregory G. Kenyon. Plaintiff and a vocational expert (VE) appeared and testified at the ALJ hearing. On March 22, 2011, the ALJ issued a decision finding that plaintiff was not disabled. Plaintiff's request for review by the Appeals Council was denied, making the decision of the ALJ the final administrative decision of the Commissioner.

## II. Analysis

### A. Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A) (DIB), 1382c(a)(3)(A) (SSI). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

2

> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing §§ 404.1520(a) (4)(i)-(v), 404.1520(b)-(g)). The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

### B. The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

> 1. The [plaintiff] meets the insured status requirements of the Social Security Act through March 31, 2009.
>
> 2. The [plaintiff] has not engaged in substantial gainful activity since July 15, 2005, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).
>
> 3. The [plaintiff] has the following severe impairments: fibromyalgia, osteoarthritis of the knees, diabetes mellitus, and chronic obstructive pulmonary disease (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The [plaintiff] does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the [plaintiff] has the residual functional capacity to perform light work[2] as defined in

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of

20 CFR 404.1567(b) and 416.967(b) except that she can do only occasional stooping, kneeling, crouching, and climbing of ramps and stairs. The [plaintiff] can do no crawling or climbing of ladders, ropes, and scaffolds. She should not work around hazards such as unprotected heights or dangerous machinery, and can do no pushing or pulling with the lower extremities. The [plaintiff] cannot operate foot controls, should not have exposure to respiratory irritants or temperature extremes, and can do no driving of automotive equipment.

6. The [plaintiff] is capable of performing past relevant work as a day care owner and manager. This work does not require the performance of work-related activities precluded by the [plaintiff's] residual functional capacity (20 CFR 404.1565 and 416.965).

7. The [plaintiff] has not been under a disability, as defined in the Social Security Act, from July 15, 2005, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 13-17).

### C. Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In

---

objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

4

deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746). *See also Wilson*, 378 F.3d at 545-46 (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

**D. Specific Errors**

On appeal, plaintiff argues that: (1) the ALJ erred by failing to address opinion evidence from her treating physician; (2) the ALJ misapplied the *Drummond* acquiescence ruling; and (3) the ALJ erred in formulating plaintiff's residual functional capacity (RFC) by not properly accommodating supported limitations associated with her chronic obstructive pulmonary disease (COPD).

1. The ALJ did not err by failing to address opinion evidence from plaintiff's treating physician.

Plaintiff contends that the ALJ's failure to address opinion evidence from her treating physician, Thomas Nguyen, M.D., compels a finding that the ALJ erred in weighing the medical opinion evidence of record. The medical evidence of record includes a form completed by Dr. Nguyen in December 2008 in which he opines that plaintiff's "disability is a result of chronic pain with physical activity distracting her concentration and worsening her anxiety in an

5

employing (sic) setting." (Doc. 10 at 5, citing Tr. 319). For the following reasons, the undersigned finds that the ALJ did not commit reversible error in declining to address this evidence from Dr. Nguyen.

"In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-30 (6th Cir. 1997). Likewise, a treating physician's opinion is entitled to weight substantially greater than that of a nonexamining medical advisor. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Lashley v. Sec'y of H.H.S.*, 708 F.2d 1048, 1054 (6th Cir. 1983). The weight given a treating physician's opinion on the nature and severity of impairments depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. §§ 404.1527(c), 416.927(c)[3]; *Harris*, 756 F.2d 431 (6th Cir. 1985). If a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case," the opinion is entitled to controlling weight. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Walters*, 127 F.3d at 530. If not contradicted by any substantial evidence, a treating physician's medical opinions and diagnoses are afforded complete deference. *Harris*, 756 F.2d at 435. See also *Cohen v. Sec'y of H.H.S.*, 964 F.2d 524, 528 (6th Cir. 1992). The opinion of a nonexamining physician is entitled to little weight if it is contrary to the opinion of the claimant's treating physicians. *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987). If the ALJ rejects a treating physician's opinion, the ALJ's decision must be supported by a sufficient basis which is set forth

---

[3] Regulation 20 C.F.R. §§ 404.1527 and 416.927 was amended effective March 26, 2012. The provision governing the weight to be afforded a medical opinion was previously found at §§ 404.1527(d) and 416.927(d).

6

in his decision. *Walters,* 127 F.3d at 529; *Shelman,* 821 F.2d at 321.

As explained by the Sixth Circuit in *Wilson,* "If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion." *Wilson,* 378 F.3d at 544 (discussing 20 C.F.R. § 404.1527(d)(2)). The ALJ must satisfy the clear procedural requirement of giving "good reasons" for the weight accorded to a treating physician's opinion: "[A] decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.' Social Security Ruling 96–2p, 1996 WL 374188, at *5 (1996)." *Wilson,* 378 F.3d at 544. The specific reasons requirement exists not only to enable claimants to understand the disposition of their cases, but to ensure "that the ALJ applies the treating physician rule and permit[ ] meaningful review of the ALJ's application of the rule." *Id.* Only where a treating doctor's opinion "is so patently deficient that the Commissioner could not possibly credit it" will the ALJ's failure to observe the requirements for assessing weight to a treating physician not warrant a reversal. *Id.* at 547.

*Quattlebaum v. Comm'r of Soc. Sec.,* 850 F. Supp. 2d 763, 782 (S.D. Ohio 2011).

The record reflects that Dr. Nguyen treated plaintiff from April 2003 to at least August 2010. (Tr. 318, 389). Given this lengthy treatment relationship, there is no doubt that Dr.

7

Nguyen qualifies for treating physician designation. As such, pursuant to 20 C.F.R. §§ 404.1527(c) and 416.927(c), the ALJ was required to weigh his December 2008 opinion in accordance with the standards enunciated above. The ALJ's decision included no reference to or discussion of Dr. Nguyen's opinion in violation of these social security regulations. However, the undersigned finds that the ALJ's error in this regard is harmless as Dr. Nguyen's December 2008 opinion is so patently deficient that the ALJ would be unable to credit it.

In response to the question to "please describe any limitations" the patient has on the ability to perform sustained work activity and to "please be specific" on the physical limitations (sitting, standing, walking, lifting, etc.) and the mental limitations (ability to concentrate, think clearly, communicate and relate with others, etc.), Dr. Nguyen wrote: "She has [illegible] physical restriction. Her disability is a result of chronic pain with physical activity distracting her concentration and worsening her anxiety in an employing (sic) setting." (Tr. 319).

As an initial matter, the "[illegible]" word in the above quote consists of two letters which appear to be "ha" or "no." Plaintiff ignores the sentence containing the illegible word and focuses on Dr. Nguyen's second sentence. (Doc. 17 at 2). The Commissioner appears to interpret the sentence as stating that plaintiff "has physical restrictions" (Doc. 16 at 9) and for purposes of this decision the Court will give plaintiff the benefit of the doubt and do the same. Regardless, the ALJ did not commit reversible error by failing to address this opinion for the following reasons.

First, to the extent Dr. Nguyen opines that plaintiff has a "disability" and is unable to work, the ALJ is not required to accept a physician's conclusion that his patient is "unemployable." Whether a person is disabled within the meaning of the Social Security Act is

8

an issue reserved to the Commissioner, and a treating physician's opinion that his patient is disabled is not "giv[en] any special significance." 20 C.F.R. §§ 404.1527(e), 416.927(e). *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("The determination of disability is ultimately the prerogative of the Commissioner, not the treating physician.") (citation and brackets omitted). Second, this opinion is vague and does not specify any quantifiable or other particular physical or mental limitations associated with plaintiff's impairments. Third, the only clinical findings Dr. Nguyen identifies as supporting his opinion is "trigger point tenderness on 3/24/2008." (Tr. 318). These findings of "trigger point tenderness" on one examination seven months prior says nothing about plaintiff's functional limitations and is insufficient evidence to support Dr. Nguyen's opinion that plaintiff's experiences disabling pain and anxiety with physical activity. Notably, plaintiff cites to no other objective evidence or clinical findings in Dr. Nguyen's treatment notes, or any other record evidence, which would support his vague and conclusory opinion. Fourth, Dr. Nguyen appears to opine that plaintiff's pain, in and of itself, is not disabling but, rather, that it causes increased anxiety and limitations in her ability to concentrate such that she is unable to work. Dr. Nguyen's opinion of disabling anxiety is not supported by the Butler Behavioral Health Service notes (Tr. 321-31) or the opinion of Dr. David Demuth, M.D., the state agency psychiatrist who reviewed the record evidence in Febuary 2009 and who opined that plaintiff's depression was a nonsevere impairment. (Tr. 332-44).[4] In addition, as Dr. Nguyen practices internal medicine (Tr. 317), his opinion on plaintiff's psychological and vocational functioning is outside the area of his expertise and would be entitled to less weight than the sources with such specialties. *See* 20 C.F.R. §§ 404.1527(c)(5),

---

[4] Notably, neither the Butler Behavioral Health Service Notes nor Dr. Demuth identified an impairment of anxiety related disorder, and plaintiff does not take issue with the ALJ's finding of nonsevere depression.

416.927(c)(5). *See also McKeehan v. Astrue*, No. 03-137-GWU, 2009 WL 1704334, at * (E.D. Ky. June 17, 2009) (finding treating physician's vocational conclusion that plaintiff was unable to do activities "at work" patently deficient). For these reasons, and because there is no other opinion evidence of record that plaintiff's impairments preclude her from work, the undersigned finds that Dr. Nguyen's opinion was so patently deficient that the ALJ's failure to consider it under 20 C.F.R. §§ 404.1527(c) and 416.927(c) is harmless error. *See Smith-Marker v. Astrue*, 839 F. Supp.2d 974, 982 (S.D. Ohio 2012). Accordingly, plaintiff's first assignment of error should be overruled.

2. <u>The ALJ did not err in his application of the *Drummond* ruling.</u>

For her second assignment of error, plaintiff asserts the ALJ misapplied the *Drummond* acquiescence ruling[5] by assigning improper deference to ALJ Temin's previous RFC formulation and abdicating his responsibility to formulate a new RFC by relying solely on the opinions of the nonexamining state agency physicians. (Doc. 10 at 9-11). Plaintiff contends the ALJ improperly relied on these reviewing physicians' opinions despite new evidence in the form of plaintiff's complaints that her pain associated with fibromyalgia and arthritis had appreciably worsened subsequent to the prior RFC determination by ALJ Temin. *Id.* at 10. Plaintiff further argues the ALJ improperly adopted the RFC of nonexamining state agency physician W. Jerry McCloud, M.D., who opined that plaintiff's chronic obstructive pulmonary disease (COPD) was adequately accommodated by environmental limitations because Dr. McCloud is an orthopedist and not an expert in pulmonary disease. For the following reasons, the undersigned finds the ALJ did not err in applying the *Drummond* acquiescence ruling.

---

[5] *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997) and Acquiescence Ruling 98-4(6), 1998 WL 283902, at *3 (June 1, 1998) bar Social Security plaintiffs and the Commissioner from re-litigating issues that

10

ALJ Kenyon correctly acknowledged in his decision, with respect to the unadjudicated period following ALJ Temin's decision, that he was bound by ALJ Temin's findings on plaintiff's RFC absent new and material evidence. (Tr. 16, citing *Drummond*, 126 F.3d 837; Acquiescence Ruling 98-4(6)). Principles of administrative res judicata apply to a decision concerning a claimant's eligibility for social security benefits. *Drummond*, 126 F.3d at 841; AR 98-4(6). Social security plaintiffs and the Commissioner alike are barred from relitigating issues that have previously been determined. *Drummond*, 126 F.3d at 842. Absent evidence that a plaintiff's condition has changed, findings issued by an ALJ in a prior disability determination are binding on an ALJ in a subsequent proceeding. *Id.* at 841 (citing 20 C.F.R. § 404.905). The Commissioner has recognized the binding effect of findings made in a prior adjudication on subsequent adjudicators:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law. . . .

AR 98-4(6).

Although plaintiff contends the ALJ improperly deferred to ALJ Temin's prior decision, the undersigned finds that ALJ Kenyon fully considered the evidence related to plaintiff's COPD. ALJ Kenyon acknowledged that the record included new and material evidence consisting of a May 2009 pulmonary function study, which supported a finding that plaintiff developed the severe impairment of COPD following the prior ruling. (Tr. 16-17, citing Tr. 371). The ALJ discussed evidence that plaintiff had been prescribed inhaled bronchodilators which effectively

---

have previously been determined at the administrative level.

controlled her respiratory symptoms. (Tr. 17, citing Tr. 399-400 (prescribing breathing treatments for COPD); Tr. 413-16 (following exposure to smoke from a fire plaintiff experienced shortness of breath and was treated with nebulized Albuterol and Atrovent and released in stable condition)). The ALJ further noted that there was not extensive evidence that plaintiff required frequent treatment to control her COPD and determined that Dr. McCloud's RFC formulation adequately accommodated this new impairment. (Tr. 17). As plaintiff cites to no additional evidence which demonstrates that her COPD causes limitations above and beyond those accommodated for by Dr. McCloud's RFC assessment, the ALJ's adoption thereof is substantially supported.

To the extent plaintiff argues the ALJ should not have adopted Dr. McCloud's opinion on her pulmonary impairment because he does not specialize in pulmonary medicine, this argument is not well-taken. The regulations provide only that more weight should be given to "the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5). Here, there was no other opinion evidence of record, from a pulmonary specialist or otherwise, on the functional limitations caused by plaintiff's COPD. Consequently, the ALJ did not err in relying on Dr. McCloud's opinion that plaintiff's COPD could be appropriately accommodated by limiting her exposure to environmental irritants.[6]

Plaintiff's argument that the ALJ erred by failing to account for worsening fibromyalgia and arthritis pain is unpersuasive. Plaintiff has identified no medical evidence or clinical

---

[6] The evidence of record regarding plaintiff's COPD supports a finding that Dr. McCloud's opinion that environmental limitations will properly accommodate this impairment. *See* Tr. 413 (plaintiff's COPD was aggravated by exposure to smoke).

12

findings from the unadjudicated period which support a finding that she suffers from limitations not accommodated for by either the previous or instant RFC formulations. Rather, plaintiff cites to her subjective allegations of increased fibromyalgia and arthritis-related problems and asserts that her claims are supported by Dr. Nguyen's records, but provides no citation to the specific records. A review of these records reveals little, if anything, about an increase or worsening of plaintiff's fibromyalgia or arthritis aside from her subjective reports. Plaintiff must point to evidence supporting her claim that these impairments have worsened over the unadjudicated period to a degree that she is no longer able to perform her past relevant work. *See Wilson,* 378 F.3d at 548 (plaintiff has the burden of proof at the first four steps of the sequential evaluation process). As plaintiff has not cited to any objective or clinical evidence demonstrating that these impairments have worsened subsequent to ALJ Temin's decision, ALJ Kenyon's RFC formulation is substantially supported.

For these reasons, the undersigned recommends that plaintiff's second assignment of error be overruled.

3. The ALJ did not err in formulating plaintiff's RFC.

Plaintiff's final assignment of error contends that the ALJ failed to properly consider the effects of her COPD in formulating her RFC. Specifically, plaintiff asserts the ALJ presented an erroneous hypothetical question to the VE as there is no evidentiary support that plaintiff's COPD is adequately addressed by limiting her exposure to respiratory irritants and temperature extremes. (Doc. 10 at 12, citing Tr. 65). Plaintiff's argument presupposes that the ALJ erred by relying on Dr. McCloud's RFC assessment that plaintiff's COPD was adequately accommodated by environmental limitations. However, as discussed in detail above, the undersigned finds that

13

the ALJ's decision to rely on Dr. McCloud's RFC assessment is substantially supported. There is no medical opinion evidence of record that conflicts with Dr. McCloud's opinion nor has plaintiff cited to any evidence demonstrating that this accommodation is insufficient to address functional limitations caused by her COPD. The ALJ properly relied on Dr. McCloud's opinion, which provided accommodations supported by the little evidence of record regarding her COPD, in formulating plaintiff's RFC. Review of the ALJ's decision reflects that he properly considered the new and material evidence of COPD and his RFC formulation accounts for all supported limitations of record. The undersigned finds that the ALJ's RFC formulation is substantially supported by the record evidence and recommends that plaintiff's third assignment of error be overruled.

### IT IS THEREFORE RECOMMENDED THAT:

The decision of the Commissioner be **AFFIRMED** and this matter be closed on the docket of the Court.

Date: 2/4/2013

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UYVONNE RITTER,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:12-cv-122
Weber, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).

15